Milasinovich *v.* The Serbian Progressive Club, Inc. (et al., Appellants).

Argued March 26, 1954. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*John A. Metz,* for appellants.

*Harry Alan Sherman,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 24, 1954:

This is the second time this case has been before us. It is reported in 369 Pa. 26, 84 A. 2d 571. A complaint in equity was filed by five alleged members of a duly chartered nonprofit corporation of Pennsylvania; the authorized purpose of the corporation was ". . . to educate its members to become worthy citizens of the United States of America and to respect and obey the laws of the United States. . . ." The corporation was alleged to be the owner of real estate, have cash assets and possess a liquor license. The complaint charged that the present officers, or certain of them, perverted the authorized corporate purposes in that they ". . . were endeavoring to bring the corporation under the control of the Communist Party; that communist meetings were being held in the club house; that assets of the corporation were being employed for communist propaganda and the funds of the corporation being diverted from the lawful purposes of

the corporation and applied toward subversive uses not only against the corporation but the United States; that because of these facts many members had resigned or abandoned their membership; that the corporation finances were becoming exhausted; that bodily harm was and is threatened to those members opposing communism; that the constitution and by-laws of the corporation were ignored; the names of alleged members of the communist party were given and it was charged that anti-communists are excluded."

The learned court below appointed a receiver and made certain orders recited in the above reported opinion. This Court said: "We . . . affirm the grant of the injunction and the supplemental appointment of a receiver *pendente lite* on December 29, 1950. We do not, however, affirm that portion of the decree which orders 'The defendant organization . . . to expel at once the following officers and members charged with being communist and communist sympathizers (naming twenty-three individuals).' Nor do we affirm that portion of the decree reading: 'To re-instate all former members who were anti-communist and who desire to rejoin said organization, and other members improperly expelled from said organization.'"

Our order remitting the record reads (p. 33) : "We . . . remit the record to the court below with direction to determine (after joinder and ample notice to all persons concerned) who are in fact communists, and where so found to be, to expel them from membership; to re-instate as members all former members who may have been improperly expelled from membership and who desire readmission; that when and as soon as the legal membership is judicially determined, to order and supervise an election, at which officers may be duly and properly elected. For the above purposes the court

may appoint a master, or hear the case, as it may elect."

The record discloses that our order has not been complied with. No hearings have been held either by the court or the master, no findings of fact and conclusions of law have been made and no election has been held and supervised as ordered. The report of the *receiver* cannot be regarded as a master's findings of fact and conclusions of law or as a recommended decree.

Since the court below has not followed our directions all decrees and orders, including imposition of costs, made by the court below since the remission of the record by our opinion of November 27, 1951, are annulled, rescinded and vacated.

The record is remitted to the court below with direction that such further proceedings which may be had shall be conducted in accordance with our order above referred to. All costs to abide the event.